ROBERT J. DE GROOT, ESQ.
Bar #282351972
60 Park Place, Suite 105
Newark, New Jersey 07102
(973)643-1930

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
DOCKET NO. 20-1273

JMM HOLLIS ROAD FAMILY
LIMITED PARTNERSHIP,

VS.

COMPLAINT

CHARLES P. RETTIG, COMMISSIONER
OF THE INTERNAL REVENUE SERVICE

---

JMM HOLLIS ROAD FAMILY LIMITED PARTNERSHIP, through its attorney Robert J. DeGroot, Esq., by way of Complaint against the Defendant says that:

### JURISDICTION

The case has subject matter jurisdiction over this matter because the Defendant is an agency of the United States of America.

### THE PARTIES

1. Plaintiff JMM Hollis Road Family Limited Partnership is a limited partnership formed under the laws of the State of Nevada on or about April1, 2004..

2. Charles P. Rettig is the Commissioner of the Internal Revenue Service of the Department of Treasury of the United States Government.

### FACTS COMMON TO ALL COUNTS

3. Maya Melman at all times relevant hereto is the spouse of Yakov Melman.

4. Yakov Melman and Maya Melman purchased 14 Hollis Road in the Township of East Brunswick, County of Middlesex, State of New Jersey on or about August 25 1997. The

deed was recorded in the Middlesex County Clerk's office in Deed Book 4440 at Page 725.

5. On or about April 1, 2004 Yakov and Maya Melman transferred the property by Deed dated April 1, 2004 and recorded with the Middlesex County Clerk's Office, on July 19, 2004 in Deed Book 5354, at Page 27.

6. On or about March 5, 2012, the Internal Revenue Service filed a tax lien as against Jack Melman only for income taxes (1040) for the calendar year 2001, 2002, 2003. The date of assessment was March 5, 2012 for the tax liens as filed.

7. Plaintiff has attempted to sell the demised property and has been informed by various title companies that the tax liens as filed constitute a cloud on the title.

8. Under the terms of the Internal Revenue Code which came into effect March 27, 2012, that being provisions of the Internal Revenue Code §7701(a)(1). The lien is effective only on the date that the government assessed the tax. The date of assessment is March 5, 2012. The lien as filed post dates the transfer of the property into the Plaintiff limited partnership and as such, under the terms of the Internal Revenue Code Regulations cannot constitute a lien or cloud on title.

WHEREFORE, Plaintiff prays for Judgment declaring that the lien as filed is not a lien effecting the title of 14 Hollis Road as owned by the Plaintiff.

_____
ROBERT J. DE GROOT
Attorney for Plaintiff

DATED:      February 5, 2020